995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby Joe BIRDEN, Petitioner-Appellant,
v.
R.G. BORG, Respondent-Appellee.
 No. 91-16035.
United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided May 26, 1993.
 
 Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On February 23, 1981, Bruce Rhodes was shot and killed in San Francisco. His wife, Iris Rhodes, was shot and wounded. On February 26, 1981, Iris Rhodes was shown twelve photographs, including Birden's, and she identified Birden as the assailant. On September 16, 1981, a jury convicted Birden of murder, attempted murder, and robbery. The California Court of Appeal affirmed the judgment of the trial court, and Birden's petition for review in the California Supreme Court was denied, as was his habeas corpus petition to the California Supreme Court. On June 3, 1991, the United States District Court for the Northern District of California denied Birden's habeas corpus petition.
 
 
 3
 Birden claims in his appeal that: (1) in-court identifications by Iris Rhodes were tainted by an impermissibly suggestive photographic lineup; (2) there were four instances of prosecutorial misconduct, including (a) a charge of suppression of evidence based on Birden's attempt to change his physical appearance, (b) coaching of Iris Rhodes during her identification of Birden at the preliminary examination, (c) the questioning of a witness about Birden's father's possession of a gun, and (d) statements during closing argument that defense counsel knew Birden was lying; (3) instructions to the jury on the change of appearance were improper; and (4) there was not sufficient evidence to convict Birden of robbery.
 
 
 4
 Birden's first contention on appeal is his strongest. He argues that the lineup was impermissibly suggestive because his photograph was the only one that did not contain any facial hair and that Iris Rhodes had not mentioned any facial hair when describing her assailant. He contends that this tainted Rhodes' in-court identification. See Stovall v. Denno, 388 U.S. 293 (1967).
 
 
 5
 The appellee argues that Birden never presented this claim to the state courts and consequently this court should not hear it because it is not exhausted. See Rose v. Lundy, 455 U.S. 509 (1982). Alternatively, the appellee contends that Birden did not raise the claim in the district court and therefore this court should refuse to consider it. As Birden points out in his reply brief, these arguments are incorrect because the claim was made initially to the California Court of Appeal and was repeated both in his habeas corpus petition in the California Supreme Court and in his habeas corpus petition to the United States District Court. See Petition for Writ of Habeas Corpus at 21-22.
 
 
 6
 However, the district court never addressed this claim directly. The district court's order refers several times to the lineup while discussing Birden's separate claim that the prosecutor improperly coached Rhodes at the preliminary hearing and thus tainted her in-court identification of Birden. But the order never addresses Birden's contention that the lineup itself was impermissibly suggestive.
 
 
 7
 In these circumstances, we conclude that this court should not review the correctness of the district court's denial of habeas corpus because the record is insufficient to enable us to know whether the district court decided this lineup issue adversely to the petitioner. Moreover, if the district court did reach the issue, we do not know the reasons for its action.
 
 
 8
 Accordingly, we reverse the judgment and remand to the district court for consideration of the petitioner's contention that the lineup was impermissibly tainted. Further appeals will be directed to this panel.
 
 
 9
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3